Joanne **CHESIMARD** and Freddie
Hilton, Petitioners,

v.

**Hon. Lee P. GAGLIARDI, United States
District Judge, and the United States
of America, Respondents.**

**UNITED STATES of America,
Plaintiff,**

v.

**Joanne CHESIMARD et al., Defendants.**

**No. 660, Docket 73-2744.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 3, 1973.

Decided Dec. 3, 1973.

Evelyn A. Williams, New York City, for petitioner Chesimard.

Robert Bloom, New York City, for petitioner Hilton.

Peter L. Truebner, Asst. U. S. Atty., for the United States.

Before WATERMAN and FEINBERG, Circuit Judges, and GURFEIN, District Judge.*

PER CURIAM:

By petition filed on November 30, 1973, Joanne Chesimard sought a writ of mandamus directing a stay of her trial on charges of armed bank robbery and conspiracy to rob, scheduled to begin on December 3, 1973 in the United States District Court for the Southern District of New York before Lee P. Gagliardi, *J.* The petition was argued before us on the next court day, the

* Of the United States District Court for the Southern District of New York, sitting by designation.

morning of December 3, 1973. At that time, counsel for Freddie Hilton orally moved to join in the petition for a writ. Petitioners argued that they were being deprived of their constitutional rights by being forced to trial on short notice. Because the trial was about to start and because on the record before us we believed that the holding of Stans v. Gagliardi, 485 F.2d 290 (2d Cir. 1973), forbade the use of mandamus, we denied the petition by simple order, deferring to a later date issuance of this opinion.

Although we denied the requested relief in *Stans*, two members of that panel stated their views as to the wisdom of a short postponement so that the trial judge could "again consider the matter." Id. at 1292. In this case, however, we did not make any suggestion as to how the district court should exercise its discretion. A comparison of the two cases is instructive. The indictment in *Stans* was 46 pages, containing 16 counts, and was supplemented by a 60-page bill of particulars. Id. at 1291. The indictment in this case is three pages, containing three counts. Our dissenting colleague in *Stans* properly described that case as "without precedent in the history of the country," and the charges as "somewhat novel." Id. at 1293. The charges here, while serious, are not unusual.

Moreover, in *Stans*, defense counsel had obviously been doing their best to prepare for the trial in the Southern District of New York. In this case, counsel for Chesimard in late September requested a postponement of proceedings in the Southern District to allow for preparation of a defense to state murder charges brought against her client in New Jersey and then scheduled to come to trial on October 9. At the same time, counsel for Hilton renewed a prior motion for a severance and an immediate trial. The Government, fearing unnecessary duplication of effort,[1] opposed severance, and the court denied it. Late in October, a mistrial was declared in the New Jersey murder trial and the retrial was postponed until January 2, 1974. However, Judge Gagliardi was not advised of that fact[2] and he apparently did not find out about it until on or about November 27, 1973, just prior to a conference, which Chesimard's attorney did not attend although she had been directed to do so. Furthermore, Chesimard's attorney at oral argument took the position that she cannot be expected to try any case involving her client while the murder charges are pending in New Jersey, and that she needs six months to prepare for the instant case. We found this stance unreasonable. Counsel for Hilton, moreover, offered no substantial justification for delaying the trial. Presumably, he was prepared to proceed with the case at the time he moved for an immediate trial, more than two months ago; he cannot be any less ready now. In addition, Hilton's counsel made no written motion to us for a stay, and joined in Chesimard's motion only orally and at the last minute.

Under these circumstances, we have seen no reason to offer any suggestions to the district court, certainly an unusual practice, as to the exercise of its discretion in ruling on petitioners' requests for postponement of trial.

Petitions denied.

1. There had already been a trial in June 1973 before Judge Gagliardi in which Louis Chesimard, Joanne Chesimard's former husband, and Paul Stewart were acquitted of participating in the same bank robbery charged in the instant indictment. The transcript of that trial was apparently furnished some time ago to counsel for Hilton at his request.

2. The Southern District's "Plan for Achieving Prompt Disposition of Criminal Cases" imposes on counsel the duty of promptly informing the court of matters bearing on the scheduling of cases for trial. United States v. Cacciatore, 487 F.2d 240, 244 (2d Cir. 1973).